```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THOMAS PETER ZLOMEK,

                    Plaintiff,

v.                                                3:15-cv-980

AMERICAN RED CROSS, NEW YORK-PENN
REGION, TINA SNYDER, MICHAEL CITRINO,
JENNIFER DAVAILUS, EUGENE VOSS, and
KIMBERLY FOSTER,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THOMAS J. McAVOY
Senior United States Judge
```

## DECISION and ORDER

Before the Court are Defendants' motion to dismiss the complaint and Plaintiff's motions to amend and for summary judgment in this matter involving alleged employment discrimination. See dkt. #s 8, 14-15. The parties have briefed the issues and the Court has determined to resolve the matter without oral argument.

**I.   BACKGROUND**

Plaintiff filed the instant Complaint in the Supreme Court of Broome County, New York on July 15, 2015. See Complaint ("Complt."), dkt. # 1-1. Defendants removed the case to this Court on August 10, 2015. See dkt. # 1. Plaintiff is apparently an employee of Defendant American Red Cross, New York-Penn Region ("Red Cross"), and he alleges "throughout the process of making and completing a complaint of harassment, that Plaintiff found several inconsistencies and testimony that was submitted to the NYS Division of Human Rights by the Defendants." Complt., at

introductory paragraph.

Plaintiff alleges that on September 5, 2014, he e-mailed Defendant Eugene Voss, Red Cross Human Resource Manager, "a two-page complaint regarding sexual harassment by his immediate Supervisor" Defendant Tina Snyder. Id. at ¶ 1. Plaintiff contends that, in responding to a complaint he made on February 4, 2015, to the Division of Human Rights ("DHR"), Defendants excluded evidence of his e-mailed harassment complaint. Id. Still, Defendant Jennifer Davailus signed a verification on the response that indicated that everything in that document was "true and accurate to the best of my knowledge.'" Id. Plaintiff sent Voss a paper copy of his complaint on October 31, 2014. Id. at ¶ 2. He allleges that Davailus misstated her role in the investigation to the DHR. Id. Davailus told Plaintiff that she had handled the investigation herself, but told DHR that the matter "was given to her after it was given to Voss." Id. In any case, Davailus kept Defendant Michael Citrino, who worked for Defendant in Management and Human Resource Services, informed of her progress. Id.

On September 18, 2014, Cindy Fritz, a Red Cross Supervisor showed Plaintiff a "write-up note" that would be placed in his employment file. Id. at ¶ 4. The note stated that Fritz had spoken to Plaintiff about contacting his supervisor if he was going to be late or was lost. Id. Fritz noted that Plaintiff had explained that he lacked cell service at his location and had called when he obtained service. Id. Plaintiff alleges that the note to his file is evidence of "retaliatory harassment" for his earlier-filed complaint. Id. Plaintiff alleges that the "write-up note" was removed from his personnel file before the DHR received the file. Id. Plaintiff also alleges that Defendants removed collaborative

evaluations from 2014 and 2015 from his personnel file. Id. at ¶ 5.

Plaintiff's Complaint does not seek any specific relief, but instead lists several New York criminal statues involving filing false instruments, falsifying records, tampering with evidence, perjury and conspiracy, and he "requests that the Supreme Court of New York State render a verdict of guilty."

On August 8, 2015, after removing the case to this Court, Defendants filed a motion to dismiss. See dkt. # 8. Plaintiff did not respond to the Defendants' motion by the deadline initially set by the Court, and the Court sent notice that the deadline would be extended and the motion considered on the submissions. That deadline was October 23, 2015. Plaintiff filed no response to that motion either. Instead, on November 11, 2015, Plaintiff filed a motion for leave to amend the Complaint and a motion for summary judgment. See dkt. #s 14, 15. Defendants have responded to the Plaintiff's motions, bringing the case to its present posture.

## II.     ANALYSIS.

Plaintiff has filed a motion for leave to amend his Complaint and a motion for summary judgment. Ordinarily, the filing of an amended complaint would moot a motion to dismiss. Defendants contend that the Court should deny the motion for leave to amend and rule on the original Complaint. They contend that the motion for leave to amend is untimely, and futile in any case.

Federal Rule of Civil Procedure 15(a)(1) provides that:

[a] party may amend its pleading once as a matter of course within:

> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is

earlier.

FED. R. CIV. P. 15(a)(1). Plaintiff therefore missed the deadline for filing an amended complaint without leave of Court. Even if the Court considers the deadline to have been extended to October 23, 2015 by the Court's order, Plaintiff did not file his Amended Complaint until November 9, 2015.

Federal Rule of Civil Procedure 15(a)(2) provides, however, that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. Plaintiff has filed such a motion. The motion to amend describes the proposed amendments, stating that Plaintiff seeks to remove certain parties, correct the name of others, and add a section describing the relief sought and a demand for $1 million in damages.

Plaintiff's motion fails to comply with the Local Rules of Court, however. Those Rules require that:

> A party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15, 19-22 must attach an unsigned copy of the proposed amended pleading to its motion papers. Except if the Court otherwise orders, the proposed amended pleading must be a complete pleading, which will supersede the pleading sought to be amended in all respects. A party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference.
>
> The motion must set forth specifically the proposed insertions and deletions of language and identify the amendments in the proposed pleading, either through the submission of a redline/strikeout version of the pleading sought to be amended or through other equivalent means.

L.R. 7.(1)(a)(4).

Without passing any opinion on the ultimate ability of Plaintiff's proposed

4

Amended Complaint to survive a motion to dismiss, the Court finds that the Plaintiff, as a *pro se* party, shall be permitted a chance to file a proper motion to amend his pleading which contains a copy of the proposed Amended Complaint for the Court to consider. Plaintiff's motion to amend will therefore be denied with leave to renew. Defendants' motion to dismiss will be denied as moot. Defendants will of course have an opportunity to respond to the motion for leave to amend and address their arguments that any amendment would be futile.[1]

## III. CONCLUSION

For the reasons stated above, the Defendants' motion to dismiss the Complaint, dkt. # 8, is hereby **DENIED** as moot. Plaintiff's motion for leave to amend and motion for summary judgment, dkt. #s 14, 15, are **DENIED** with leave to renew. Plaintiff shall file his renewed motion for leave to amend within 21 days of the date of this order. The Defendants shall respond to that motion within 14 days of its filing. Unless notified otherwise, the motion will be considered on the submissions.

---

[1] Plaintiff's motion for summary judgment will also be denied with leave to renew at the close of discovery if appropriate. It is well settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Here, no evidence has been collected and Plaintiff's motion–even assuming that Plaintiff has stated a claim of some sort–is premature.

IT IS SO ORDERED.

Dated: December 21, 2015

_____
Thomas J. McAvoy
Senior, U.S. District Judge