UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THOMAS PETER ZLOMEK,

        Plaintiff,

v.                                                  3:15-cv-980

AMERICAN RED CROSS, NEW YORK-PENN
REGION, TINA SNYDER, MICHAEL CITRINO,
JENNIFER DAVAILUS, EUGENE VOSS, and
KIMBERLY FOSTER,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THOMAS J. McAVOY
Senior United States Judge

## **DECISION and ORDER**

Before the Court is Defendants' renewed motion to dismiss this matter involving alleged employment discrimination. See dkt. # 23. Plaintiff has not responded to the motion and the Court has determined to decide the issue without oral argument. For the reasons stated below the motion will be granted with prejudice.

**I.    BACKGROUND**

Plaintiff filed his original Complaint in the Supreme Court of Broome County, New York on July 15, 2015. See Complaint ("Complt."), dkt. # 1-1. Defendants removed the case to this Court on August 10, 2015. See dkt. # 1. Plaintiff is apparently an employee of Defendant American Red Cross, New York-Penn Region ("Red Cross"). He alleged "throughout the process of making and completing a complaint of harassment, that Plaintiff found several inconsistencies and testimony that was submitted to the NYS Division of Human Rights by the Defendants." Complt., at

introductory paragraph. Plaintiff's original Complaint did not seek any specific relief, but instead listed several New York criminal statues involving filing false instruments, falsifying records, tampering with evidence, perjury and conspiracy, and "request[ed] that the Supreme Court of New York State render a verdict of guilty."

On August 8, 2015, after removing the case to this Court, Defendants filed a motion to dismiss. See dkt. # 8. Plaintiff did not respond to the Defendants' motion by the deadline initially set by the Court, and the Court sent notice that the deadline would be extended and the motion considered on the submissions. That deadline was October 23, 2015. Plaintiff filed no response to that motion either. Instead, on November 11, 2015, Plaintiff filed a motion for leave to amend the Complaint and a motion for summary judgment. See dkt. #s 14, 15. This Court denied Plaintiff's motion to amend with leave to renew in accordance with the Local Rules of the Court. See dkt. # 18. This Court denied Defendant's Motion to Dismiss for Failure to State a Claim as moot. Id. This Court ordered Plaintiff to file his renewed motion for leave to amend by January 11, 2016. Id. Plaintiff filed his renewed motion for leave to amend in a timely manner. See dkt. # 19. Defendants responded. See dkt. # 20. On May 9, 2016, the Court issued a Decision and Order denying Plaintiff's motion for leave to Amend but providing him with a final opportunity to file an amended complaint. See dkt. # 21.

Plaintiff did not file another amended complaint within the time allotted by the Court, and Defendants filed a renewed motion to dismiss. See dkt. # 23. Defendants' position is that, since Plaintiff did not file another amended complaint, the previous Amended Complaint is the operative pleading, and that Complaint fails to state a claim upon which relief can be granted.

2

## II.     ANALYSIS.

Defendants have filed a motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  In addressing such motions, the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor."  Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009).  This tenet does not apply to legal conclusions.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id. (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)).  When, as here, the Plaintiff proceeds *pro se*, the Court "'construe [the complaint] broadly, and interpret[s] [it] to raise the strongest arguments that [it] suggests.'"  Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 146 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)).  "This is especially true when dealing with pro se complaints alleging civil rights violations."  Id.  Plaintiff did not respond to the motion.  Since "no response was necessary" to a 12(b)(6) motion to dismiss, the Court will apply the appropriate legal standard and determine whether Plaintiff's Amended Complaint states a claim upon which relief could be granted. Maggette v. Dalsheim, 709 F.2d 800, 802 (2d Cir. 1983).

Having applied this standard to the Plaintiff's Amended Complaint, the Court finds that Plaintiff has failed to state a claim upon which relief could be granted for the reasons stated in the Court's previous opinion regarding leave to amend.  See dkt. #

18. As the Court stated in that opinion:

> District courts have the ability to dismiss frivolous complaints *sua sponte*. Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000). A frivolous claim is one where the action lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Plaintiff's claim lacks an arguable legal basis and is thus frivolous. Plaintiff's Complaint, read in combination with Plaintiff's proposed amended pleading, fails to assert claims for which relief can be granted. Plaintiff is asserting a number of criminal violations committed by Defendants, as well as a request for an award of $1,000,000 for punitive damages, plus pain and suffering. See dkt. #s 2, 14, 19.
>
> In the federal system crimes are prosecuted by the Federal Government, not by private parties. Conn. Action Now, Inc. v. Roberts Plating Co., 457 F. 2d 81, 86-87 (2d Cir. 1972). In order for a private right of action to exist the legislative body must have intended to create such a right in the language or structure of the legislation. See Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994)(the Court refused to infer a private right of action from a "bare criminal statute"). Plaintiff alleges Defendants violated several New York State penal statutes. See dkt. #s 2, 19. None of those statutes provide a private right of action. See NY CLS Penal §§ 175.35, 175.05, 175.25, 215.40, 210.10, and 210.05. Each of these code sections impose criminal penalties on persons found guilty of filing false instruments, falsifying business records, tampering with public records, tampering with physical evidence, and perjury. The Plaintiff's allegations of criminal misconduct by the defendants are therefore dismissed, with prejudice.
> Plaintiff's only other allegation is conclusory statement regarding mental and emotional stress caused by the Defendants. See dkt. # 19. In order to state a claim upon which relief can be granted, a complaint must contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff show that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Courts are "obligated to construe a *pro se* complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

See dkt. # 21 at 5-7. Plaintiff has not cured these problems and has therefore failed to

state a claim upon which relief could be granted. The Court will therefore grant the instant motion to dismiss. As Plaintiff has been given ample opportunity to state a claim, the Court will grant the motion with prejudice.

## III.  CONCLUSION

For the reasons stated above, Defendants' renewed motion to dismiss, dkt. # 23, is hereby **GRANTED** with prejudice.


IT IS SO ORDERED.

Dated:  November 9, 2016

Thomas J. McAvoy
Senior, U.S. District Judge